**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Samuel Lee CLARK, Defendant–Appellee.**

No. 93–2691.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1993.

Decided April 22, 1994.

Rehearing and Suggestion For Rehearing En Banc Denied June 13, 1994.

Steven M. Colloton, Cedar Rapids, Iowa, argued, for appellant.

Ross George Hauser, Cedar Rapids, Iowa, for appellee.

Before RICHARD S. ARNOLD and BEAM, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

The United States appeals from the district court's order granting Samuel Lee Clark's motion to suppress statements he made while seated in the backseat of a patrol car, and cocaine obtained as a result of those statements. Because we hold that the appellee did not have a reasonable expectation of privacy in statements made while seated in a police car, we reverse.

## FACTS

On March 12, 1992, defendant Samuel Lee Clark was a passenger in a vehicle driven by Jerome Mozee. An Iowa state trooper, Mark Snyders, stopped them because the vehicle's windows appeared to be excessively dark, in violation of Iowa law.

Trooper Snyders spoke with both men individually, both in Mozee's car and the patrol car. He issued Mozee a citation for excessively dark windows and defendant a warning for failure to wear a seat belt. For a number of reasons, Snyders developed some suspicion that defendants may be involved in drug trafficking. He requested and obtained consent to search Mozee's vehicle, then asked Clark to leave the car during the search.

* The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

Clark asked if he could sit in the patrol car with Mozee during the search rather than stand outside, and Snyders consented.

Unbeknownst to Clark and Mozee, Trooper Snyders had activated a tape recorder and left it sitting on the dash. The two men had a discussion, during which Clark indicated that "it" was not in the car, but inside his pants. After finding nothing incriminating in Mozee's car, Snyders reached in and took the tape recorder off the dash. He listened to the tape, then obtained Clark's consent to a search of his person—including his underwear. In Clark's underwear Snyders found a plastic bag containing crack cocaine. Both Clark and Mozee were then arrested.

## PROCEDURAL HISTORY

On March 26, 1992, defendant Clark was indicted on a charge of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Defendant moved to suppress the cocaine and the recorded statements, urging that the recording violated both the fourth amendment and Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510 *et seq.* (Wiretap Act). The district court referred the motion to a magistrate, then followed his recommendation to grant the motion. The United States appeals, asserting that a person cannot have a reasonable expectation of privacy while seated in a patrol car, or alternatively seeking application of a good-faith exception to the exclusionary rule.

## DISCUSSION

■ We review the district court's decision to suppress evidence under the clearly erroneous standard. "Under this standard, we ordinarily will affirm a decision unless there is not substantial evidence to support it, it evolves from an erroneous conception of applicable law, or, upon considering the entire record, we are left with a definite and firm conviction that a mistake has been made." *United States v. Chadwick,* 999 F.2d 1282, 1284 (8th Cir.1993) (citations omitted).

■ Under either the fourth amendment or the Wiretap Act, the inquiry is 1) whether defendant manifested a subjective expectation of privacy, and 2) if so, whether society is prepared to recognize that expectation as reasonable. *Tyler v. Berodt,* 877 F.2d 705, 706 (8th Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990); *United States v. Kiser,* 948 F.2d 418, 423 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1666, 118 L.Ed.2d 387 (1992).

■ We defer to the district court's factual conclusion that defendant Clark had a subjective expectation of privacy. However, whether a defendant's expectation of privacy is one that society is prepared to recognize as reasonable is a question of law subject to *de novo* review. *Id.* (citing *United States v. Monie,* 907 F.2d 793, 794 (8th Cir.1990)). This Court's inquiry into reasonableness asks "whether, if the particular form of surveillance practiced by the police is permitted to go unregulated by constitutional restraints, the amount of privacy and freedom remaining to citizens would be diminished to a compass inconsistent with the aims of a free and open society." *United States v. Hendrickson,* 940 F.2d 320, 322 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 610, 116 L.Ed.2d 633 (1991) (citations omitted). Under the circumstances, we find that defendant's expectation of privacy while seated in the police car was not reasonable.

In *United States v. McKinnon,* 985 F.2d 525 (11th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 130, 126 L.Ed.2d 94 (1993), the Eleventh Circuit was faced with a similar scenario. While police searched the vehicle in which he was a passenger, Mr. McKinnon voluntarily waited in a patrol car with his cohort. Both before and after his arrest, McKinnon made incriminating statements during discussions with his companion. The district court, and the Eleventh Circuit Court of Appeals, held squarely that "a person seated in a police car does not have a reasonable expectation of privacy under Title III ... [or] the Fourth Amendment to the Constitution." *Id.* at 526. The Court refused to recognize a distinction between pre-and post-arrest statements, for purposes of analyzing the reasonableness of a defendant's expectation of privacy.

We agree with the reasoning of the Eleventh Circuit, and the arguments asserted by the United States. A marked police car is owned and operated by the state for the express purpose of ferreting out crime. It is essentially the trooper's office, and is fre-

quently used as a temporary jail for housing and transporting arrestees and suspects. The general public has no reason to frequent the back seat of a patrol car, or to believe that it is a sanctuary for private discussions. A police car is not the kind of public place, like a phone booth (*e.g., Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)), where a person should be able to reasonably expect that his conversation will not be monitored. In other words, allowing police to record statements made by individuals seated inside a patrol car does not intrude upon privacy and freedom to such an extent that it could be regarded as inconsistent with the aims of a free and open society.

To summarize, we conclude that a person does not have a reasonable or legitimate expectation of privacy in statements made to a companion while seated in a police car. Accordingly, both the statements made by Clark and the cocaine seized as a result of those statements are admissible. Therefore, the district court's order granting defendant's motion to suppress is reversed, and the case is remanded for further proceedings.