STATE of Minnesota, Appellant,

v.

Aron Nahum EDROZO, Respondent

No. C4–96–2591.

Court of Appeals of Minnesota.

July 1, 1997.

Review Granted Aug. 26, 1997.

Michael C. Hutchinson, Washington County Attorney's Office, Stillwater, for Appellant.

Michael H. Daub, Minneapolis, for Respondent.

Considered and decided by TOUSSAINT, P.J., and RANDALL and HOLTAN*, JJ.

## OPINION

TOUSSAINT, Chief Judge.

Appellant State of Minnesota (the State) challenges the district court's pretrial suppression of statements made by respondent Aron Edrozo while he was in the back of a patrol car and while at the Stillwater Police Department impound lot. We affirm.

## FACTS

On the evening of July 25, 1996, Stillwater police officers Allen and Felsch received a call that cars were drag racing. When the officers arrived at the scene, there had been an accident. Officer Allen was told by a witness that the witness's car had been struck from behind by Aron Edrozo. He also stated that Edrozo had tried to run over the witness and four other persons while they were standing on the sidewalk.

While the officers were interviewing other witnesses, Edrozo's vehicle drove by. They pursued and then stopped the vehicle. Edrozo was not driving. He and another person in the vehicle, Benjamin Easton, were first placed in Officer Felsch's car, then moved to Officer Allen's car. Unbeknownst to Edrozo and Easton, Officer Felsch activated a tape recorder in Officer Allen's car. Edrozo made incriminating statements to Easton while seated in the vehicle. Neither Edrozo nor Easton was given a *Miranda* warning.

Edrozo's car was impounded and on July 29, 1996, he and his mother went to the Stillwater Police Department and then the impound lot to retrieve some things from the vehicle. Investigator Davin Miller accompanied Edrozo to the lot. Edrozo made voluntary and incriminating statements to Miller. The statements were not taped and Edrozo had previously refused to talk without the presence of counsel. Miller refused to speak with Edrozo at the impound lot. No *Miranda* warning was given.

Edrozo moved to suppress the statements made in the back of the police car and the statements made to Miller. After an omnibus hearing on the matter in December 1996, the district court ordered that both sets of statements be suppressed, concluding that Edrozo's Fifth Amendment rights had been violated. The State appealed.

## ISSUES

1. Did the trial court err by suppressing the statements made by Edrozo in the back of the police car?

2. Did the trial court err by suppressing the statements made by Edrozo at the impound lot?

## ANALYSIS

*Standard of Review*

 [W]hen reviewing a pretrial order suppressing evidence where the facts are not in dispute and the trial court's decision is a question of law, the reviewing court may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed. This court will, in a pre-trial appeal, reverse the determination of the trial court only if the state demonstrates clearly and unequivocally, first, that the trial court erred in its judgment and, second, that unless reversed, the error will have a critical impact on the outcome of the trial.
*State v. Kim,* 398 N.W.2d 544, 547 (Minn. 1987) (citations omitted).

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## I.

■ The State challenges the district court's suppression of Edrozo's statements made in the back of Officer Allen's police car. The State alleges that because Edrozo was in the back of a patrol car, use of his statements at trial is not a violation of his Fifth Amendment rights. We disagree.

■ Statements made by a suspect during custodial interrogation are inadmissible unless the suspect is given a *Miranda* warning. *See Miranda v. Arizona,* 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966) (defendant must be informed "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires, and if not informed, evidence obtained cannot be used against him"). An officer's "unarticulated plan [to arrest the defendant] has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984).

In this case, Edrozo passed the scene of the accident, was pursued by police, and was then placed in the back of a patrol car. After a few moments he was moved to another patrol car. There could be no question that, although not formally placed under arrest, Edrozo believed that he was in police custody. At this point, the question becomes whether the secret taping of Edrozo's conversation should be considered "interrogation."

The United States Supreme Court has outlined the standard for whether or not police conduct constitutes "interrogation":

* * * *[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.

*Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1690, 64 L.Ed.2d 297 (1980)(footnotes omitted).

Here, Officer Felsch placed Edrozo and another suspect in the back of the patrol car, surreptitiously activated a tape recorder, and then left the car. Officer Felsch should have known that this particular action was likely to elicit incriminating responses from the suspects. Both Officer Allen's and Officer Felsch's patrol cars were at the scene. There was no need to place both suspects in the back of Officer Felsch's car, especially because they had both just been in the back of Officer Allen's car. Apparently the only difference between the two vehicles was the tape recorder, so taping the suspects must have been the sole reason for the move. If the move was not intended to elicit an incriminating response from the defendant, Officer Felsch could have informed Edrozo and Easton that the tape recorder had been activated.

■ The State alleges that the Fifth Amendment issues contained within *Miranda* are inapplicable, and Edrozo's Fourth Amendment rights are at issue. *Katz v. United States,* 389 U.S. 347, 349, 88 S.Ct. 507, 510, 19 L.Ed.2d 576 (1967), held that wiretapping and other electronic surveillance techniques employed by the government are subject to Fourth Amendment constitutional protection. *Id.* at 351–52, 88 S.Ct. at 511–12. The State cites *United States v. Clark,* 22 F.3d 799, 802 (8th Cir.1994) to support this view. In this case, the defendant was placed in the back of a police vehicle and his conversation was taped. It was held that the defendant's Fourth Amendment rights were not violated because he had no reasonable expectation of privacy while seated in the back of a police car.

The *Clark* case may be distinguished from the instant case because Edrozo was placed in the back of the car incident to a felony arrest; he was not merely being detained during a car stop. Edrozo, therefore, may raise Fifth Amendment arguments, rather than asserting Fourth Amendment rights. Edrozo was stopped as a suspect in a felony. He was placed in a police car and should

have been given a *Miranda* warning before questioning or other act designed to obtain incriminating statements. *See Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612(person must be advised of rights prior to questioning). We conclude that Edrozo's statements, made incident to a felony arrest and while sitting in the back of a police car, were not properly obtained. Therefore, the trial court did not err by suppressing them.

## II.

The State alleges that the trial court erred by suppressing statements that Edrozo made to an investigator while at the Stillwater Police Department impound lot.

A *Miranda* warning is necessary whenever an individual is taken into custody or otherwise deprived of his freedom in any significant way and is subjected to questioning. "Any statement given freely and voluntarily without any compelling influences is * * * admissible in evidence." *Miranda*, 384 U.S. at 478, 86 S.Ct. at 1629. Further, the Minnesota Supreme Court has held that "all custodial interrogation shall be electronically recorded where feasible and must be recorded when questioning occurs at a place of detention." *State v. Scales*, 518 N.W.2d 587, 592 (Minn.1994).

In this case, Edrozo went to the Stillwater Police Department to recover items from his car. Investigator Davin Miller escorted him to the impound lot (which was at another location). Although he earlier refused to speak to police without counsel present, Edrozo voluntarily made incriminating statements to Miller while at the lot. Edrozo had not been given a *Miranda* warning nor were the statements recorded by Miller.

The trial court determined that, under *Scales*, Edrozo's statements should be suppressed. Under *Scales*, statements made during custodial interrogation and at a place of detention must be recorded. *Id.* The state claims that no interrogation occurred, nor was Edrozo at a place of detention, so the statements need not have been recorded and the suppression should be reversed. A trial court's determination will not be reversed unless the state clearly and

unequivocally proves that suppression of the statement will have a critical impact on the outcome of the trial. *Kim*, 398 N.W.2d at 551 (citing *State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977)).

Here, the State has five eyewitnesses willing to state that Edrozo was the person who tried to run them down. The person driving the vehicle that Edrozo rear-ended is expected to testify and there is physical evidence that Edrozo's car was the one involved in the accident. We do not believe that suppression of the statements made at the impound lot will significantly reduce the likelihood of a successful prosecution. We will not reverse the trial court's decision to suppress the statement.

## DECISION

Because we agree that (1) surreptitiously taped conversations between defendants placed in a police vehicle who were not given a *Miranda* warning are inadmissible at trial, and (2) the state, to obtain reversal of a decision by the district court, must prove clearly and unequivocally that suppression of a defendant's statement will have a critical impact on the outcome of the case, we affirm.

**Affirmed.**