**Kelton Howard OPP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–98–01418–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 28, 2000.

---

Larry P. McDougal, Stafford, for Appellant.

Carol M. Cameron, John B. Holmes, Houston, for State.

Panel consists of Justices O'CONNOR, TAFT, and SMITH.[*]

O'CONNOR, Justice.

A jury convicted the appellant, Kelton Howard Opp, of the misdemeanor offense of driving while intoxicated (DWI). The trial court assessed punishment at 90 days in the Harris County jail and a $350 fine. We reverse and remand for retrial.

## Facts

The appellant was arrested for DWI and taken to the police station after he refused to perform any field sobriety tests. At the police station, while being videotaped, the appellant was offered the breath test. Even though he was not being interrogated, the appellant repeatedly asked to speak to his attorney. The appellant was told he was not entitled to an attorney during that stage of the proceeding.

The appellant objected to the admission of the audio portion of the videotape during a pre-trial hearing and during trial on the ground it showed him invoking his right to counsel. At the pre-trial hearing, the trial court said it would cut off the audio portion of the tape, "[a]fter he invokes his right to a lawyer." At trial, although the appellant renewed his objected, the trial court refused to reconsider its ruling.

[*] The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## Invocation of Right to Counsel

In point of error one, the appellant contends the trial court erred by allowing the jury to hear the portion of the videotape in which he invoked the right to counsel. The appellant's argument is that, even if he had no right to an attorney when he invoked it, he was prejudiced when the jury heard him ask for an attorney.

■ We agree. The appellant clearly invoked his right to counsel. Evidence showing him invoking his right to counsel was inadmissible at trial. *Hardie v. State*, 807 S.W.2d 319, 322 (Tex.Crim.App.1991); *Loy v. State*, 982 S.W.2d 616, 617 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

The *Loy* case is almost identical with the present case. In *Loy*, the jury was permitted to see and hear a videotape showing the defendant invoking his right to counsel three times. The defendant invoked his right to counsel two times when he had no right to counsel, and invoked his right one time after he was given *Miranda* warnings. *Loy*, 982 S.W.2d at 617. In *Loy*, we held the defendant "clearly invoked his right to counsel," and "evidence showing that was inadmissible." *Id.*

Here, the jury was permitted to see and hear the videotape showing the appellant invoking his right to counsel one time, when he had no right to counsel. For the same reasons stated in *Loy*, we hold the trial court erred in permitting the jury to hear the appellant invoke his right to counsel.

We find it was error to permit the jury to hear the appellant requesting counsel. We sustain point of error one.

## Harm Analysis

In point of error two, the appellant argues the admission of this inadmissible evidence constituted fundamental error and was harmful. Because we found it was error to permit the jury to hear the appellant invoking his right to counsel, we

now apply the harm standard set out in Texas Rule of Appellate Procedure 44.2(a) and approved in *Hardie*, 807 S.W.2d at 322.

The nature of the error is that the videotape showed the appellant asking for counsel. The probable collateral implication was that the appellant was guilty because he requested his attorney. *See Loy*, 982 S.W.2d at 618. In *Rezac v. State*, 722 S.W.2d 32 (Tex.App.—Dallas 1986), *rev'd on other grounds*, 782 S.W.2d 869 (Tex. Crim.App.1990), the Dallas Court of Appeals declared:

> we cannot say beyond a reasonable doubt that the error made no contribution to the conviction. The evidence showing Rezac repeatedly demanding an attorney is especially harmful because it is quite possible that the jury believed that Rezac's insistence on an attorney indicated his guilt. It is equally likely that the jurors acted upon this belief during their deliberation.

*Rezac*, 722 S.W.2d at 33. December 22, 2000.

■ The State argues the overwhelming evidence dissipates the error's effect. We review all the evidence to determine the weight the jury would probably place on the audiotape. *Cooper v. State*, 961 S.W.2d 222, 227 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd).

The arresting officer testified the appellant drove up behind his marked police car at 110 mph in a 60–miles per hour zone. The appellant's lights were flashing. After the appellant passed him, it took the officer almost three miles to catch him. The officer followed the appellant and saw him weaving in and out of traffic, cutting off other drivers; the appellant even drove on the shoulder to pass a car. When the officer was finally able to pull the appellant over, the appellant jumped out of his car and left the car in drive. He had to run back to the car and put it in park.[1]

1. Officer Cibulski's wife was also in the patrol car. She testified it was Officer Cibulski who

The appellant, who was described as "cocky," said he was trying to get his wife to the hospital.[2] The officer testified the appellant's speech was slurred, he had alcohol on his breath, and he was swaying.

The officer handcuffed the appellant and placed him in the back of the patrol car. Because the officer smelled alcohol on the passenger's breath, he handcuffed her as well, and placed her in the back seat with the appellant. At the station house, when another officer asked the appellant to take an intoxilyzer test, he refused.

The appellant did not look intoxicated on the videotape. As shown on the videotape, the appellant was asked to stand in an 18 inch × two-foot boxed area on the floor, where he stood for more than seven minutes without losing his balance or stepping outside the box. The officer testified the appellant smelled of alcohol, but he could not tell what or how much the appellant had to drink. Both officers agreed that when a person is upset, he can lose his mental faculties.

█ Tara Rodriguez Opp, the appellant's secretary and wife, testified she saw the appellant "toast" twice with champagne during the fund raiser they attended just before the arrest. During the festivities, Mrs. Opp, an asthmatic, felt as though she was about to have an asthma attack. She testified her husband was in the process of driving her home to get her inhaler when he was stopped by the officer. She said her husband was irate and excited about her condition. Mrs. Opp testified her arm, where she had recently had an operation, was injured when the officer put handcuffs on her. When she told the appellant about that in the back of the patrol car, he became even more excited.

During the State's closing argument, the assistant district attorney (ADA), when referencing the videotape, stated, "For le-

gal reasons, the sound was turned off. Okay, we won't go into that." Because, at that point, the jury had already heard the appellant invoke the right to counsel, it is reasonable to infer the jury assumed the appellant continued to request counsel after the volume was turned off.

We cannot conclude with confidence beyond a reasonable doubt this error was harmless. Finally, if we were to declare this error harmless, we cannot say the State would not be encouraged to offer this sort of impermissible evidence in the future. See Cooper, 961 S.W.2d at 228. Even declaring the error harmful and reversing for it, as we did in Cooper and Loy, has not prevented its recurrence.

We sustain point of error two.

### The Dissents

There are two dissents to this opinion. Justice Taft dissents based on his belief the jury might not have heard the appellant invoke his right to counsel. Justice Smith dissents based on his belief the appellant did not preserve the objection.

### Justice Taft's Dissent

Justice Taft contends we do not have a record sufficient to determine if the jury actually heard the appellant invoke his right to counsel. Justice Taft takes that position even though both parties in oral argument before the panel argued the jury heard the appellant invoke his right to counsel.

Justice Taft admits the trial court ruled the audio portion would be turned off after the appellant first invoked his right to counsel. However, relying on the final argument of the ADA, Justice Taft contends we cannot be sure the trial court did not change its mind about letting the jury hear the appellant invoke his right to counsel.

---

put the car in park.

2. The appellant's companion, who was later identified as his secretary and common-law

wife, was arrested for public intoxication. Officer Cibulski decided she did not need to go to the hospital.

The ADA said in final argument, "For legal reasons, the sound was turned off." The ADA did not say the sound was turned off for the entire tape. The only record in this case of what was heard by the jury is the trial court's ruling, which the court stated two times.

The ADA's argument cannot be considered as undermining that ruling. The ADA's statement is not evidence of what happened. Even the State in its brief concedes the jury heard the appellant invoke his right to counsel. The only disagreement the State has with the factual assertions in the appellant's brief is that the State contends the jury heard him invoke his right only once, not "repeatedly."

We disagree with Justice Taft's dissent because it proposes a reason to affirm not supported by the record.

### Justice Smith's Dissent

Justice Smith agrees with the majority, that the jury heard the appellant invoke his right to counsel. In his dissent, Justice Smith contends the appellant did not preserve the error for two reasons: (1) the defense counsel did not make a proper objection that was sufficiently specific, and (2) the appellate objection does not comport with the trial objection.

### 1. Specificity of the objection

The appellant made a motion in limine asking the trial court to require the ADA to approach the bench before attempting to offer three types of evidence. One of the grounds in the motion was that the ADA be required to approach the bench before making any reference to the appellant's statements on the audio portion of the videotape.

In describing what happened at the police station, defense counsel told the trial court the appellant began asking for his attorney as soon as he walked into the interview room. Defense counsel said that during the sobriety tests, "Every time the

officer ask[ed] him to do something, [the appellant] renew[ed] his right to a lawyer."

The ADA told the trial court the jury should hear the audio portion of the tape where the appellant invoked his right to counsel. He said,

Also, the audio, up until that time when he is Mirandized and asked questions such as, how many beers have you had and so forth, up until that time the audio is, in our opinion and supported by case law, okay to leave on. Once he does read him Miranda, we would not argue about turning off the audio.

After other discussion, the trial court said, "Okay. We'll cut the audio off right there. After he invokes his right to a lawyer."

■ When the issue arose at trial, defense counsel asked for permission to approach the bench. The following took place at the bench.

Defense: Your honor, I believe it's improper for the court to publish to the jury him invoking his right to remain silent, or his right to counsel, even though they're asking him to take these field sobriety tests. He did frequently invoke his right to legal counsel, but he wanted legal counsel present. Therefore, it is basically going to be published for the jury, him invoking those right to legal counsel to the jury, which we believe is fundamental error.

Court: You made your record.... I'm not going to reconsider my ruling.

Justice Smith says the objection was not specific enough because defense counsel did not say why the error was "fundamental." Justice Smith mistakenly focuses on the phrase "fundamental error" and ignores the rest of defense counsel's argument, that the trial court exclude the statement of appellant invoking his right to counsel.

On this record, it is clear defense counsel made a proper objection—he did not want the jury to hear the defendant invok-

ing his right to counsel. That was the same objection made in the *Loy* case. *Loy*, 982 S.W.2d at 617 ("Appellant moved to suppress the audio portion of this videotape, because he had invoked his right to counsel and his right to terminate the interview.")

## 2. Comparison of trial and appellate objections

Justice Smith's second ground for finding the error was not preserved is that he does not believe the objection at trial is the same as the complaint on appeal. Justice Smith says the appellant's appellate complaint, that "the defendant invoked his constitutional privileges," was not the same as his trial complaint of "fundamental error." Again, Justice Smith focuses on the phrase "fundamental error," and ignores the rest of defense counsel's argument that the trial court exclude the statement of the appellant invoking his right to counsel.

Everyone in the criminal justice system recognizes that "right to counsel" is a constitutional right. Justice Smith seems to suggest defense counsel should have used the phrase "constitutional privilege" in his trial complaint. Clearly, the trial court and the ADA knew what the defense counsel was arguing at trial; clearly, we know what he is arguing on appeal.

### Conclusion

We reverse the judgment and remand the cause for a new trial.

Justices TAFT and SMITH, dissenting.

En banc consideration was requested.

A majority of the justices of the Court voted to consider the case en banc.

Justices COHEN, MIRABAL, WILSON, and ANDELL join the majority opinion.

Justices HEDGES and NUCHIA join Justice TAFT's dissenting opinion.

Chief Justice SCHNEIDER did not participate in en banc consideration.

TAFT, Justice, dissenting.

A jury convicted appellant, Kelton Howard Opp, of misdemeanor driving while intoxicated. The trial court assessed punishment at 90 days in jail and a $350 fine. In a single point of error, appellant complains that the trial court allowed the introduction of a videotape showing appellant invoking his rights to counsel and remain silent numerous times.

We have the videotape before us for review, and it does have numerous invocations of rights to counsel and remain silent. The record reflects, however, that the trial court originally ruled that the volume would be turned down after the first invocation of the right to counsel. The record does not reflect at what point the volume was actually turned down. From the prosecutor's argument, it appears that only the audio of appellant's refusal to take the field sobriety tests was played for the jury. The prosecutor makes no mention of appellant invoking his right to counsel on the videotape.

The bottom line, as the State argues on appeal, is that we do not know at which point the trial court turned down the volume, whether it was before any invocation of a right to counsel, after the first such invocation, or after numerous invocations of appellant's rights. Under these circumstances, we cannot address the merits of appellant's point of error. Obviously, if the trial court turned down the volume before any invocations of appellant's rights were played before the jury, no error is present.

In the absence of a record showing us at what point the volume was turned down, I would hold that we cannot review appellant's sole point of error. Accordingly, I would overrule appellant's point of error, and affirm the judgment of the trial court.

JACKSON B. SMITH, Jr., Justice (Assigned), dissenting.

I agree with Justice Taft that appellant, Kelton Howard Opp, did not preserve his point of error for appeal, but for a different reason than Justice Taft. The basis for appellant's objection to the introduction of the audio portion of the videotape was "fundamental error." Appellant did not state, with any specificity, what error was fundamentally wrong, nor why it was wrong. Thus, appellant's objection was general, apprised the court of no specific error, and did not preserve the arguments he makes for the first time on appeal. *See Butler v. State*, 872 S.W.2d 227, 237 (Tex. Crim.App.1994) (holding that general objection did not preserve error on appeal).

There is an exception to the rule against general objections for those situations where the trial court and the parties all understand the basis for the objection. *See Camacho v. State*, 864 S.W.2d 524, 533 (Tex.Crim.App.1993) (holding that, while general objections are discouraged, they are valid to preserve error when the ground of the objection is apparent). In this case, however, it is manifest that, if the trial court had understood the "fundamental error" objection as contending that no invocation of the right to counsel is admissible, the trial court would have turned the volume down before appellant's first invocation of the right to counsel, instead of thereafter. Here, there were three invocations of the right to counsel. The trial court ruled that the jury could hear the first invocation, but not the other two. Under these circumstances, it is impossible to tell what the trial court understood appellant's objection to be. It is likewise difficult for me to understand what appellant meant when he said "fundamental error." Accordingly, I would hold that appellant did not preserve his point of error for review.[1]

I also note that the trial-court objection of "fundamental error" does not comport with the complaint being made to this Court, that "defendant invoked his constitutional privileges." Nothing in appellant's objection to the audio portion of the videotape. in the trial court addresses constitutional privileges.

The complaint on appeal must comport with that made in the trial court. *Allridge v. State*, 762 S.W.2d 146, 157 (Tex.Crim. App.1988). Otherwise, a party could "lie behind the log" and raise all manner of new matters not preserved in the trial court. This type of procedure will not be condoned.

Because appellant's complaint on appeal does not comport with his trial-court objection, I would again hold that appellant has not preserved his point for review. Therefore, I dissent.

---

1. The *Hardie* and *Loy* decisions, on which appellant relies, were not decided on the basis of whether the appellant properly preserved error, as in my view of this case.