# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-01-00308-CR

---

**Jerry Meyer, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. 542,877, HONORABLE GISELA TRIANA, JUDGE PRESIDING

---

The county court at law found appellant Jerry Meyer guilty of driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West Supp. 2002). The court assessed punishment at incarceration for forty-five days and a $1500 fine, but suspended imposition of sentence and placed appellant on community supervision. In three points of error, appellant contends the admission of the audio portion of a videotape recording violated the Fourth Amendment of the United States Constitution and both the state and federal wiretapping statutes. We affirm the conviction.

Police officers stopped appellant's vehicle for excessive speed. After appellant failed field sobriety tests, he was arrested for driving while intoxicated. The officers placed appellant in the back seat of a patrol car after reading him his rights and handcuffing him, then began to search his car. As he sat alone in the patrol car with the doors closed and the windows shut, appellant made oral

statements that were recorded by the videotaping equipment in the patrol vehicle.[1]  Appellant unsuccessfully moved to suppress these statements.

Appellant first argues that the statements were obtained in violation of his rights under the Fourth Amendment.  U.S. Const. amend. IV.  The Fourth Amendment serves to safeguard an individual's privacy from unreasonable governmental intrusions.  *Richardson v. State*, 865 S.W.2d 944, 948 (Tex. Crim. App. 1993).  A defendant may challenge the admission of evidence obtained by governmental intrusion only if he had a legitimate expectation of privacy in the place invaded.  *Rakas v. Illinois*, 439 U.S. 128, 143 (1978).  A two-pronged test is used to determine if a person had a reasonable expectation of privacy: (1) whether the person's conduct exhibited a subjective expectation of privacy, and (2) whether the person's subjective expectation of privacy is one that society is willing to recognize as reasonable.  *Smith v. Maryland*, 442 U.S.735, 740 (1979) (citing *Katz v. United States*, 389 U.S. 347, 361 (1967)); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).

Appellant argues that because the officers left him alone in the back seat of the patrol car with the doors shut and the windows closed, his orally expressed thoughts demonstrated his subjective expectation of privacy.  The trial court did not specifically find whether appellant had a subjective expectation of privacy.  Assuming that he did, we conclude that this expectation was not objectively reasonable under the circumstances.

---

[1]  In its brief, the State characterizes appellant's statements as "an acrimonious tirade" during which he profanely blamed his wife and the two officers for his plight.

Whether a subjective expectation of privacy is one that society recognizes as being reasonable is a question of law. *Villarreal*, 935 S.W.2d at 138 n.5; *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (questions of law reviewed *de novo*). Among the factors to be considered in making this determination are whether the accused: (1) had a property or possessory interest in the place invaded; (2) was legitimately in the place invaded; (3) had complete dominion or control and the right to exclude others; (4) before the intrusion, took normal precautions customarily taken by those seeking privacy; (5) put the place to some private use; and (6) has a claim of privacy consistent with historical notions. *Calloway v. State*, 743 S.W.2d 645, 651 (Tex. Crim. App. 1988). A consideration of appellant's circumstances in light of these factors belies his claim that he had a reasonable expectation of privacy in the back seat of the police car. Appellant had no property or possessory interest in the patrol car, nor did he have the authority to exclude others from it. He took no precautions to assure his privacy, blurting out his thoughts and opinions in a way inconsistent with the notion that he wished to keep them private. Finally, appellant's claim of privacy in the back seat of a police car is not consistent with historical notions of privacy.

Both parties cite a recent Texas case. *See State v. Scheineman*, 47 S.W.3d 754 (Tex. App.—San Antonio 2001, pet. granted). In *Scheineman*, the trial court suppressed a conversation between the defendant and his codefendant that had been secretly recorded as the two men sat in a police station interview room. *Id.* at 756. The court of appeals stated that "under normal circumstances society is not prepared to recognize as reasonable an arrestee's subjective expectation of privacy with regard to conversations that occur in the back of a police car or in a jail or prison." *Id.* Nevertheless, the court concluded that the defendant had a legitimate expectation of privacy in

3

that case because a deputy "lull[ed] [him] into believing his conversation with another [would] be confidential by allowing the defendant to speak privately with the other individual in a separate room but secretly record[ing] the conversation." *Id*. at 757. The court's belief that the deputy had deliberately deceived the defendant was central to its conclusion: "[S]ociety should not sanction the use of deliberate misrepresentations to enable law enforcement authorities to gather possible incriminating evidence." *Id*. at 756.

Appellant urges that, as in *Scheineman*, the officers in this cause gave him a sense of privacy by placing him in the car after his arrest and by not informing him that a microphone recorded sound in the car. He argues that his statements were not even part of a conversation, but were instead "the outward expression of [his] private thoughts . . . when he was alone in a secluded environment." Appellant characterizes the police conduct as an "invasion of the fundamental freedom of unfettered personal thought and private personal expression."

The State counters that appellant spoke to himself while fully aware that he was in police custody. The officers advised appellant of his rights and appellant knew that any statements he made could be used against him. As a constant reminder of his situation, appellant could hear police radio transmissions from the front seat of the patrol car. The officers practiced no deliberate deception to trap appellant into inculpatory statements, nor did they interrogate him.

Several state and federal courts have held that there is no reasonable expectation of privacy in the back seat of a police car. *E.g., United States v. Clark*, 22 F.3d 799, 801-02 (8th Cir. 1994); *United States v. McKinnon*, 985 F.2d 525, 527-28 (11th Cir. 1993); *State v. Ramirez*, 535 N.W.2d 847, 850 (S.D. 1995); *People v. Seaton*, 194 Cal. Rptr.2d 33, 42 (Cal. Ct. App. 1983); *State*

4

*v. McAdams*, 559 So.2d 601, 602 (Fla. Dist. Ct. App. 1990); *State v. Hussey*, 469 So. 2d 346, 351 (La. Ct. App. 1985); *People v. Marland*, 355 N.W.2d 378, 384 (Mich. Ct. App. 1984); *State v. Lucero*, 628 P.2d 696, 698 (N.M. Ct. App. 1981). As the Eighth Circuit reasoned, the general public has no reason to frequent the back seat of a patrol car or to believe it is a sanctuary for private discussion. *United States v. Clark*, 22 F.3d at 801-02. Appellant was in police custody, handcuffed and confined in a police car. He could expect his movements and statements to be monitored. *See id*. Whether appellant's statements were made to another person or to oneself does not bear on the privacy expectation. We hold that on this record, appellant did not have a reasonable expectation of privacy as he sat talking to himself in the back seat of the patrol car. Point of error one is overruled.

Appellant next contends that his statements were recorded in violation of the federal and state wiretapping statutes. *See* 18 U.S.C. §§ 2510-22 (2000); Tex. Code Crim. Proc. Ann. art. 18.20 (West Supp. 2002). The statutes are substantially similar, and appellant makes a combined argument applicable to both. In essence, appellant urges that his statements were oral communications that were unlawfully intercepted by the police, and as a consequence they were inadmissible. *See* 18 U.S.C. § 2515; Tex. Code Crim. Proc. Ann. art. 18.20, § 2(a).

"'Oral communication' means an oral communication uttered by a person exhibiting an expectation that the communication is not subject to interception under circumstances justifying that expectation." Tex. Code Crim. Proc. Ann. art. 18.20, § 1(2). The federal definition is virtually identical. *See* 18 U.S.C. 2510(2). In interpreting the Texas wiretapping statute, it is appropriate to consider the interpretation of the federal statute on which it was modeled. *Ex parte Graves*, 853 S.W.2d 701, 705 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). The legislative history of the

federal statute reveals that Congress' intent was to protect persons engaged in oral communications under circumstances justifying an expectation of privacy. *See id.* (citing *United States v. McIntyre*, 582 F.2d 1221, 1223 (9th Cir. 1978)). Because we conclude that appellant did not have a reasonable expectation of privacy under the circumstances shown here, we hold that appellant was not reasonably justified in the expectation that the statements he made while sitting in the patrol car would not be intercepted. Points of error two and three are overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: March 14, 2002

Publish

6