Affirmed and Memorandum Opinion filed August 13, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00319-CR

____________

 

JOHN GUARDADO HERNANDEZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from County Court at Law
No. 4

Montgomery County,
Texas

Trial Court Cause No.
07-226523

 



 

M E M O R A N D U M   O P I N I O N








Following the denial of his motion to
suppress, appellant entered a plea of no contest to driving while intoxicated. 
The jury found appellant guilty and on February 5, 2008, the trial court
sentenced appellant to confinement for 180 days in the Montgomery County Jail
and assessed a fine of $500.  Appellant=s sentence was
suspended, and he was placed under community supervision for one year.  In five
issues, appellant challenges the trial court=s denial of his
motion to suppress a videotape and sufficiency of the evidence to support his
conviction.  Because all dispositive issues are settled in law, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

I.  Background

Appellant was stopped for speeding and,
after exiting his vehicle, informed the officer he had consumed three beers
that night.  The officer conducted the horizontal gaze nystagmus test, and
appellant demonstrated all six clues of intoxication.  When the officer
instructed him to perform the walk-and-turn test, appellant stated he wanted to
talk to an attorney.  Subsequently, the officer arrested appellant, informed
him of his rights, and placed him in the patrol car.  The officer also arrested
appellant=s wife when he discovered there was an outstanding
warrant and placed her in the patrol car with appellant.

II.  Admission of Evidence

In his first issue, appellant claims the
trial court erred by finding as a matter of law that he did not invoke his
right to counsel.  In his second issue, appellant asserts the trial court erred
in failing to grant his motion to suppress the audio portion of the videotape
of his stop and arrest, in which he requested an attorney.  Appellant=s argument for
both issues is that, once he invoked his right to counsel, the audio portion of
the videotape from that point forward should have been redacted.








        The record reflects the trial court found
appellant did not have a right to counsel at the time he requested an
attorney.  Appellant relies on Opp v. State, 36  S.W.3d 158, 160 (Tex.
App.CHouston [1st Dist]
2000, pet. ref=d), wherein the court held that, regardless of whether
the defendant had the right to an attorney when he invoked it, evidence showing
the defendant invoking his right to counsel was inadmissible at trial.  The Opp court
stated, Aappellant clearly
invoked his right to counsel.  Evidence showing his invoking his right to
counsel was inadmissible at trial.@  Id. (citing
Hardie v. State, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991); Loy v.
State, 982 S.W.2d 616, 617 (Tex. App.CHouston [1st
Dist.] 1998, pet. ref=d)).  Appellant also cites Loy, in
which the court stated, A[a]ppellant clearly invoked his right to
counsel.  Evidence showing that was inadmissible.@  Loy, 982
S.W.2d at 617 (citing Hardie, 807 S.W.2d at 322).

Both Opp and Loy cite Hardie
in support of their holdings.  In Hardie, the court acknowledged
that evidence of an accused=s invoking his right to counsel may be
construed against him and may improperly be considered as an inference of
guilt.  807 S.W.2d at 322.  The court recognized it is constitutionally
impermissible to adversely use evidence that a defendant invoked a right or
privilege which has been granted him, even if the right or privilege was
erroneously extended.  Id.  The court then held Aevidence of one=s invocation of
the right to counsel is inadmissible as evidence of guilt.@  Id.
(emphasis added).  The court noted that A[a]lthough the
State did not specifically state it was offering the audio portion of the
videotape as evidence of guilt, no other basis for its admission was propounded
by the State and no other basis is apparent from the context of the record.@  Id. at
322 n.6.  The Hardie court found the evidence inadmissible not simply
because the defendant invoked his right to counsel, but because the State
sought to use that invocation against the defendant to infer guilt.  Hardie
does not stand for the broad proposition that evidence of the request for
counsel is inadmissible, as stated in Opp and Loy, and Hardie
did not address whether evidence following such a request is inadmissible.  

Neither Opp nor Loy indicate
the basis for admitting evidence the defendant invoked his right to counsel. 
However, in both cases, as in Hardie, the videotape in question was made
at the police station, after the defendant had been arrested.  The case
directly on point with the present case is Jones v. State, 795 S.W.2d
171 (Tex. Crim. App. 1990). 








In Jones, as in this case, the
videotape showed a DWI suspect performing field sobriety tests.  Id. at
172.  On the tape, the suspect requested to have counsel present.  Id. 
She claimed the trial court erred by refusing to suppress her oral statements
from that point forward.  Id.  The court found the suspect had invoked
her Miranda right to counsel, did not subsequently revoke that right by
her actions, and was in custody.  Id.  However, the court found she had
not been interrogated.  The court held the audio portion of a DWI videotape is
admissible Aunless the police conduct depicted expressly or
impliedly calls for a testimonial response not normally incident to arrest and
custody or is conduct the police should know is reasonably likely to elicit
such a response.@  Id. at 176 (emphasis in
original).

In the case at bar, the video reveals the
officer asked fact-finding questions and attempted to conduct field sobriety
tests.  The video does not depict police conduct that expressly or impliedly
solicits a testimonial response not normally incident to arrest.  See id.
Further, it does not show conduct the officer should have known was reasonably
likely to elicit a testimonial response.  See id.  It Ais merely another
example of the collection of physical evidence, both visual and aural.@  Id. at
175.  Accordingly, we find the trial court did not err in refusing to suppress
the audio portion of the videotape.  Issues one and two are overruled.

In his third issue, appellant complains
about admission of a portion of the videotape revealing his wife, Becca Gomez,
had previously been charged with larceny.  In his fourth issue, appellant
argues the trial court erred by allowing the taped conversation between
appellant and his wife to be played for the jury.  In both instances, appellant
claims the evidence was not relevant to whether he was intoxicated and was more
prejudicial than probative.  See Tex. R. Evid. 403.  The State argues
the videotape demonstrates appellant failed to understand his wife was arrested
on an outstanding warrant, not because she was intoxicated, and that his speech
was slurred. 

Evidence that appellant did not comprehend
the reasons for his wife=s arrest and that his speech was slurred
would tend to make it more probable that appellant was intoxicated. 
Accordingly, the evidence is relevant.  See Tex. R. Evid. 401, 402.








Under Rule 403, relevant evidence may be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice.  See Tex. R. Evid. 403.  Regarding prejudice,
appellant only asserts the jury might infer guilt as a result of his
association with his wife.  Appellant does not explain why a jury would infer
he was intoxicated because his wife had been arrested for larceny.  Appellant
does not attempt to demonstrate the evidence was unfairly prejudicial, confused
the issues, misled the jury, caused undue delay, or was cumulative.  See
Tex. R. Evid. 403.  Accordingly, appellant has not shown the trial court abused
its discretion in refusing to exclude the evidence.  See Montgomery
v. State, 810 S.W.2d 372, 391B92 (Tex. Crim.
App. 1990).

Appellant also claims the conversation
with his wife was protected under spousal privilege.  See Tex. R. Evid.
504.  Under Rule 504(a)(1), the privilege applies to confidential
communications made privately by any person to the person=s spouse.  Id. 
There is no reasonable expectation of privacy in the back seat of a police
car.  See Meyer v. State, 78 S.W.3d 505, 508 (Tex. App.CAustin 2002, pet.
ref=d).  Accordingly,
the conversation between appellant and his wife was not protected by spousal
privilege.

Appellant also claims there was no
evidence he or his wife were aware they were being recorded.  Appellant cites
no authority that would require him or his wife to be so informed.  Moreover,
the videotape reveals both appellant and his wife were in the patrol car when
the officer turned the video camera to face them and appellant looked directly
into the camera.  The record does not support appellant=s claim that he
was unaware of being recorded.  Appellant=s third and fourth
issues are overruled.

III.  Sufficiency of the Evidence








In his fifth issue, appellant claims his
plea of no contest was insufficient to support the jury=s verdict.  In a
misdemeanor case, a defendant who pleads guilty, nolo contendere, or no contest
admits every element of the offense charged, leaving only the issue of
punishment before the jury or the trial court.  See Brown v. State, 507
S.W.2d 235, 238 (Tex. Crim. App. 1974);  LeBlanc v. State, 679 S.W.2d
544, 547 (Tex. App.CBeaumont 1984, pet. ref=d).  In such
cases, the State is not required to present any evidence of guilt.  See
Estrada v. State, 148 S.W.3d 506, 509 (Tex. App.CEl Paso 2004, no
pet.).   We overrule issue five.

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

          

/s/      Charles W. Seymore

Justice

 

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

 

Do not publish - Tex. R. App. P.
47.2(b).