The STATE of Texas, Appellant,

v.

Michael August SCHEINEMAN, Appellee.

No. 04–00–00581–CR.

Court of Appeals of Texas, San Antonio.

May 16, 2001.

E. Bruce Curry, District Attorney, Kerrville, for appellant.

Steven J. Pickell, Kerrville, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE and PAUL W. GREEN, Justices.

PHIL HARDBERGER, Chief Justice.

The State appeals the trial court's order granting the motion to suppress filed by the defendant, Michael August Scheineman ("Scheineman"). By granting the motion, the trial court suppressed a video tape recorded conversation between Scheineman and his co-defendant, Jose Angel Trevino. The State contends that the trial court erred in granting the motion because Scheineman did not have a reasonable expectation of privacy in the room at the Kerr County Law Enforcement Building where the conversation was recorded. Because the officer's actions deliberately created a situation in which Scheineman believed an expectation of privacy would exist, we affirm the trial court's order.

## BACKGROUND

Trevino and Scheineman were taken into custody for questioning regarding an attempted burglary. They were initially placed in separate rooms. Trevino asked to speak alone with Scheineman before speaking further with authorities. A sheriff's deputy brought Scheineman into the room with Trevino and left them alone. Trevino and Scheineman proceeded to discuss the attempted burglary, making inculpatory statements. Neither Trevino nor Scheineman knew that the conversation was being monitored or recorded. The room did not contain any indication that a microphone or camera was in the room. Several minutes into their conversation, they noticed someone moving behind a mirror located on a wall in the room and became aware that their conversation was

being monitored. They immediately stopped talking.

Scheineman was indicted for attempted burglary and filed a motion to suppress the statements recorded by the State, asserting that they were obtained through the use of an unlawful recording and interception of an oral communication. After a hearing, the trial court granted the motion to suppress, and the State appealed. The parties submitted an agreed statement of the case in lieu of a reporter's record.

### DISCUSSION

The State contends that Scheineman did not have standing to challenge the admission of the recorded statements because he did not have a legitimate expectation of privacy in the room. In order to prove that he had a legitimate expectation of privacy, Scheineman was required to show: "(a) that by his conduct, he exhibited an actual subjective expectation of privacy, i.e., a genuine intention to preserve something as private; and (b) that circumstances existed under which society was prepared to recognize his subjective expectation as objectively reasonable." *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim.App.1996). In reviewing a trial court's ruling on a motion to suppress, we afford deference to the trial court's determination of the historical facts, but we decide *de novo* whether the trial court erred in misapplying the law to the facts. *Guzman v. State,* 955 S.W.2d 85, 87–88 (Tex.Crim.App.1997).

The record supports the trial court's finding that Scheineman had a subjective expectation of privacy, and we afford deference to that finding. *See id.* However, we must decide *de novo* whether Scheineman's subjective expectation of privacy is one that society is prepared to recognize as reasonable, because that question is a question of law. *See Villarreal,* 935 S.W.2d at 138 n. 5.

We agree with the State that under normal circumstances society is not prepared to recognize as reasonable an arrestee's subjective expectation of privacy with regard to conversations that occur in the back of a police car or in a jail or prison. *See Hudson v. Palmer,* 468 U.S. 517, 527, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *United States v. Harrelson,* 754 F.2d 1153, 1168–71 (5th Cir.1985); Op. Tex. Att'y Gen. No. JC–0208 (2000). However, the circumstances in this case go beyond mere secret recording in a place that the general public has no reason to believe would be a sanctuary for private discussions. In this case, the deputy created a situation in which Scheineman and Trevino were led to expect privacy by the deputy granting Trevino's request that he be permitted to speak with Scheineman alone. Society does not condone dishonesty. For this reason, society should not sanction the use of deliberate misrepresentations to enable law enforcement authorities to gather possible incriminating evidence. *See State v. Calhoun,* 479 So.2d 241, 243 (Fla.Dist.Ct.App.1985) (affirming trial court's suppression of statements made in interview room where police officers deliberately fostered expectation of privacy by complying with appellant's request to speak with brother privately, bringing brother into room and exiting); *North v. Superior Court,* 8 Cal.3d 301, 311–312, 502 P.2d 1305, 1311–1312, 104 Cal.Rptr. 833, 839–840 (Cal.1972) (holding expectation of privacy fostered where officer permitted suspect and wife to use his private office), *overruled by statute, De Lancie v. Superior Court,* 31 Cal.3d 865, 647 P.2d 142, 183 Cal.Rptr. 866 (Cal.1982) (statute permits recording of detainee or prisoner's conversation only for safeguarding institutional security or protecting pub-

lic but prohibits recording for purpose of gathering evidence). No evidence was presented in this case that the recording was conducted pursuant to a policy for security reasons rather than for purposes of gathering evidence. *Compare United States v. Hearst,* 563 F.2d 1331, 1344 (9th Cir.1977) (evidence presented that monitoring and recording were conducted pursuant to established jail policy for security reasons); *State v. Wilkins,* 125 Idaho 215, 868 P.2d 1231, 1237–38 (1994) (recording admissible where dispatcher testified that intercom was routinely on as safety feature). Where a law enforcement official lulls a defendant into believing his conversation with another will be confidential by allowing the defendant to speak privately with the other individual in a separate room but secretly records the conversation solely for purposes of gathering evidence, the defendant's subjective expectation of privacy is objectively reasonable by societal standards. Because Scheineman had a legitimate expectation of privacy, the State's issue is overruled.

### CONCLUSION

The trial court's order is affirmed.