The STATE of Texas

v.

**Michael August SCHEINEMAN,**
**Appellee.**

No. 1196–01.

Court of Criminal Appeals of Texas,
En Banc.

June 12, 2002.

Steven J. Pickell, Kerrville, for appellant.

Betty Marshall, Assist. St. Atty., Matthew Paul, State's Attorney, Austin, for state.

## OPINION

JOHNSON, J., delivered the opinion of the Court, in which KELLER, P.J., PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Appellee was indicted for attempted burglary of a habitation with intent to commit theft. The trial court granted appellee's motion to suppress his statement given while in custody. The state appealed that decision. The Fourth Court of Appeals affirmed the trial court's suppression order. *State v. Scheineman,* 47 S.W.3d 754 (Tex.App.-San Antonio, pet. granted). We granted the State Prosecuting Attorney's petition for discretionary review which challenged the court of appeals' decision. We will reverse.

The record contains the parties' Agreed Statement of the Case on State's Appeal, which sets out the relevant facts of the case. This document indicates that appellee and his co-defendant, after being arrested, were placed in separate rooms at the county law enforcement building. The

co-defendant, Joe Treviño, requested that he be permitted to speak alone with appellee. The deputy agreed, moved appellee into the room in which Treviño sat, and left them alone in that room, whereupon appellee and his co-defendant discussed their actions in the alleged attempted burglary. Appellee asserts that the deputy's actions "lulled" the co-defendants into believing that the conversation was private and thereby raised a legitimate expectation of privacy. The agreed statement also reflects that appellee and his co-defendant believed that their conversation was confidential, that neither had any idea that anyone was monitoring their conversation, and that they would not have discussed the burglary had they known that the conversation was being recorded. Appellee learned only later that the conversation had been recorded.

In the trial court, appellee's Motion to Suppress Statement of Defendant asserted that appellee's statements during his conversation with his co-defendant should be suppressed because they were obtained through an unlawful interception and recording of an oral communication in violation of Tex. Penal Code, § 16.02, and of his United States and Texas constitutional rights. The trial court granted the suppression motion. The state appealed.

In the court of appeals, the state argued that appellee did not have a reasonable expectation of privacy; appellee and his co-defendant were being investigated for criminal conduct and were in the Kerr County Law Enforcement Building. Such circumstances are akin to a statement made while in a jail cell, a scenario in which the Supreme Court has said that there is no expectation of privacy. *Hudson v. Palmer,* 468 U.S. 517, 525–26, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393, 402 (1984). The state asserted that, under these circumstances, the recording violated

neither federal nor state law and should not have been excluded.

The court of appeals held that while the record supported the trial court's finding that appellee had a subjective expectation of privacy, "under normal circumstances society is not prepared to recognize as reasonable an arrestee's subjective expectation of privacy with regard to conversations that occur in the back of a police car or in a jail or prison." *State v. Scheineman,* 47 S.W.3d at 756. However, the court of appeals went on to find that, under the circumstances of this case, the police created a situation in which appellee and his co-defendant were led to believe that their conversation was private and that "society should not sanction the use of deliberate misrepresentations to enable police to gather possible incriminating evidence." *Id.* It also noted that there was no evidence that the recording was for security reasons rather than for evidence-gathering purposes. *Id.* at 757. The court of appeals ultimately held that where "a law enforcement official lulls an arrestee into believing his conversation with another will be confidential by allowing him to speak privately with the other person in a separate room but secretly records the conversation solely for evidence-gathering purposes, the arrestee's subjective expectation of privacy is objectively reasonable by societal standards." *Id.* Accordingly, it held that appellee had a reasonable expectation of privacy and affirmed the trial court's suppression order. *Id.*

The State Prosecuting Attorney argues to this Court that the stipulation of evidence shows that the deputy did not engage in dishonesty or deliberate misrepresentations and that appellee and his co-defendant "were merely two communicants left alone in a room with no legitimate expectation of privacy." The State Prosecuting Attorney concludes that, since the record reflects no dishonesty that should cause or lull a suspect into believing his conversation with another will be confidential, appellee's "subjective expectation of privacy in the police interview room was not one that society is prepared to recognize as objectively reasonable." In response, appellee argues that he and his co-defendant did indeed have a legitimate expectation of privacy, as they were legitimately in the place where their oral communication was intercepted, they took normal precautions customarily taken by those seeking privacy before the oral communication began, they put the place to a clearly private use, and their claim of privacy is consistent with historical notions of privacy.

■■■ In reviewing issues of search and seizure, we give great deference to a trial court's rulings on questions of historical fact and questions that apply law to facts and turn on evaluations of credibility and demeanor. We review *de novo* questions that apply law to facts and do not turn upon credibility and demeanor. *Johnson v. State,* 68 S.W.3d 644, 652–53 (Tex.Crim. App.2002). In this case, the issue of the propriety of the trial court's suppression of the recorded conversation is a question of law which does not turn on credibility or demeanor, and we will review it *de novo.*

The United States Supreme Court has held "that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell[.]" *Hudson v. Palmer,* 468 U.S. at 525–26, 104 S.Ct. at 3200, 82 L.Ed.2d at 402. The Court added that it "believe[d] that it is accepted by our society that '[l]oss of freedom of choice and privacy are inherent incidents of confinement.'" *Id.,* 468 U.S. at 528, 104 S.Ct. at 3201, 82 L.Ed.2d at 404, quoting *Bell v. Wolfish,* 441 U.S. 520, 537, 99 S.Ct. 1861, 1873, 60 L.Ed.2d 447, 467 (1979).

■ Based upon the parties' agreed statement of the case, we do not agree with the court of appeals' conclusion that law enforcement engaged in deception by placing appellee in a room at the county law enforcement building, permitting him to confer alone with his co-defendant, then recording their conversation. This is not a situation where a suspect was threatened, tricked, or cajoled into waiving his Fifth Amendment self-incrimination privilege, nor does this case involve a custodial interrogation of appellee. *See Miranda v. Arizona*, 384 U.S. 436, 476, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694, 725 (1966). Although appellee was in custody, the complained-of statement was not made in response to interrogation by law enforcement but rather while appellee was alone with his co-defendant, nor was he conferring with his attorney while in police custody. Appellee claims a subjective expectation of privacy and asserts that it is one that society recognizes as legitimate. While appellee may well have had a subjective expectation, the dispositive issue is societal recognition of that expectation as reasonable.

■ There is no allegation or evidence of oral assurances of privacy. The statement merely recites that the deputy, apparently at the request of appellee's co-defendant, allowed the two to confer while in custody. Loss of privacy is an inherent incident of confinement. *Hudson, supra.* The circumstances here are comparable to an arrestee being placed in a jail cell; any statements made to another occupant of that cell may be admissible unless the cellmate is acting as an agent of the state. We do not believe that society is prepared to recognize a legitimate expectation of privacy in conversations between arrestees who are in custody in a county law enforcement building, even when only the arrestees are present and they subjectively believe that they are unobserved. Having found no legitimate expectation of privacy in such conversations, we hold that the excluded statements were admissible.

Accordingly, the judgment of the court of appeals is reversed, and this cause is remanded to the court of appeals for proceedings consistent with this opinion.

MEYERS, J., filed a concurring, opinion in which PRICE, J., joined.

MEYERS, J., filed a concurring opinion, joined by PRICE, J.

## OPINION

I join the majority's result and I generally agree with the majority's recital of applicable law. *See State v. Scheineman*, No. 1196–01, slip op.. (Tex.Crim.App. June 12, 2002) (hereinafter cited as "Majority Op."). However, I do not join the majority opinion to the extent that the holding goes beyond that which is necessary to decide this appeal.

In this case, the court of appeals recognized that people do not ordinarily have an expectation of privacy in an instrumentality controlled by law enforcement.[1] *State v. Scheineman*, 47 S.W.3d 754, 756 (Tex. App.-San Antonio 2001). It went on to hold, in essence, that this case fell outside the general rule because the deputy engaged in deliberate misrepresentations that lulled appellee and his co-defendant into believing that their conversations in the interview room would be private. *Id.* The majority of this Court disagrees "that law enforcement engaged in deception by placing appellee in a room at the county law enforcement building, permitting him

---

1. By "instrumentality" I mean buildings and vehicles that are controlled by law enforcement and in which the controlling officers have traditionally been thought to have a particularly high security interest.

to confer alone with his co-defendant, then recording their conversation." Majority Op. at 813.

My disagreement with the majority opinion is this: after determining that there was no deception in this instance that would create an expectation of privacy that society is willing to recognize as reasonable, the majority shapes its holding in terms that are unnecessarily absolute. It states: "We do not believe that society is prepared to recognize a legitimate expectation of privacy in conversations between arrestees who are in custody in a county law enforcement building, even when only the arrestees are present and they subjectively believe that they are unobserved." Majority Op. at 813.

First, this language is overly broad in that it is not limited to an expectation of privacy under the Fourth Amendment, which was apparently the basis for the holding by the court of appeals. *See Scheineman*, 47 S.W.3d at 756 (not discussing any expectation of privacy that might arise under Texas Constitution or statutes). The majority's reasoning forecloses any arguments that would arise under Texas law as well. *Compare State v. Calhoun*, 479 So.2d 241, 244 (Fla.Dist.Ct. App.1985) (recognizing that defendant whose conversations were surreptitiously recorded would have no legitimate expectation of privacy under the Florida or United States Constitutions, but basing expectation on Florida statutes prohibiting unlawful intercepts). Moreover, the majority's reasoning would apparently extend to the issues raised by appellee's co-defendant in *State v. Trevino*, 63 S.W.3d 512 (Tex.App.-San Antonio 2001, pet. filed). As the majority notes, the statement of

facts in the instant case makes no reference to any oral assurances that were given by the deputy to *appellee*. The statement in Trevino's case, however, contains a recitation that: "Rather than talk to the deputy, [Trevino] requested the opportunity to talk alone with [appellee]...." Although the questions presented in Trevino's appeal seem to be different from those in appellee's, the above-quoted portion of the majority opinion seem to answer the questions in both cases.[2] Finally, the majority takes note of the fact that this case did not involve a privileged communication, but does not apparently limit its holding to cases involving a non-privileged communication. Indeed, the majority opinion seems to foreclose the possibility that there could *ever* be a legitimate expectation of privacy in a law enforcement location. While I understand that this is the generally the tenor of federal cases on the matter, I disagree that our approach should be such an absolute one.

In its petition for discretionary review, the State complains specifically of the Court of Appeals' failure to apply the factors this Court set out in *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996) for determining whether or not a subjective expectation of privacy is one that society is prepared to recognize as reasonable. The factors that we set forth in *Villarreal* are six separate factors, none of which is susceptible of a per se application. Rather, the factors should be applied on a case-by-case basis and not in such a manner as to absolutely foreclose the possibility that there could ever be a legitimate expectation of privacy in a law enforcement instrumentality.

---

2. In the majority's defense, however, the court of appeals also answered the questions presented by the separate appeals as a single question. *See Trevino*, 63 S.W.3d at 512

("This panel previously addressed the same issue raised by the State in *State v. Scheineman* ...").

Moreover, I disagree with the notion that the invasions into the privacy of those who are present in a law enforcement building are always justified by the institutions' security interests. The California Supreme Court in *North* explained the rationale thus:

> The rationale underlying this general rule is based upon a policy favoring the use by jail authorities of reasonable security measures. "A man detained in jail cannot reasonably expect to enjoy the privacy afforded to a person in free society. His lack of privacy is a necessary adjunct to his imprisonment.... 'To censor and in certain circumstances to forbid communication to and from a prison is necessary to protect against escape.'"

*North v. Superior Court*, 8 Cal.3d 301, 104 Cal.Rptr. 833, 502 P.2d 1305, 1309 (1972) (citations omitted). I think that to rely exclusively on this rationale is to oversimplify the interests involved. While it is true that society's interests will almost always weigh more heavily in favor of the ability of law enforcement bodies to maintain the security of their facilities, it is not true that societal interests would never be served by protecting the confidentiality of a conversation that takes place in such a location. Similarly, as recognized by the Court of Appeals, it is not true that society has *no* interest in guarding against deception on the part of law enforcement. I agree with the majority that in *this* case, *State v. Scheineman*, the actions of the deputy did not rise to the level of deception that would be necessary to give rise to an expectation of privacy that society would recognize as reasonable. There is no indication in the record that Scheineman was aware of either his co-defendant's request to speak alone or the deputy's silence in the face of the request. Nevertheless, I do not agree that our holding need be as sweeping as it is in the majority opinion and I do not join the portion of the opinion that crafts a per se rule for expectations of privacy in an instrumentality of law enforcement.