Affirmed and Opinion filed _____________, 2002
















Affirmed and
Memorandum Opinion filed  April 3,
 2003.                                                    

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00454-CR

____________

 

JOSE LUIS
CESPEDES, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 337th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 880,973




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            A jury found appellant
guilty of possession with intent to deliver cocaine and assessed punishment at forty
years’ imprisonment.  Appellant now
contends 1) the evidence was legally and factually insufficient and 2) the
trial court erred in denying his motion to suppress.  The facts of this appeal are known to the
parties, so we do not recite them here.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  See Tex R. App. P. 47.1. 
We affirm.

 

Legal and Factual Insufficiency

In his first two points, appellant argues the evidence was
legally and factually insufficient to support his conviction.  We apply the usual standards of review.  See Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2797 (1979); Johnson v. State, 23 S.W. 3d 1, 10 (Tex.
Crim. App. 2000).

Possession with intent to deliver may be proven by direct or
circumstantial evidence that the accused exercised care, control, or management
over the substance knowing it was contraband. 
Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995).  The State must affirmatively link the accused
and the contraband from the totality of the circumstances, demonstrating the accused’s knowledge of and control over the
contraband.  Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim.
App. 1995).  Texas courts have considered
numerous factors, though none is necessarily determinative:  the amount of contraband found, whether the
amount was large enough to indicate the defendant knew of its existence, the
proximity of the defendant to the contraband, whether the contraband was found
in a place owned by the accused, whether the contraband was found in an
enclosed space, and conduct of the accused indicating a consciousness of
guilt.  See, e.g., Lewis v. State, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984); Dshong v. State, 625
S.W.2d 327, 329 (Tex. Crim. App. 1981); Hyett v. State, 58 S.W.3d 826, 830 (Tex.
App.—Houston [14th Dist.] 2001, no
pet.).  When examining the affirmative
links, it is not the number of factors present, but the logical force they have
in establishing the offense.  Gilbert v. State, 874 S.W.2d 290, 298
(Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). 

Here, Houston
police officers arrested appellant after searching a vehicle in which he was a
passenger and finding marijuana in a hidden compartment operated by a remote
control found in appellant’s pocket.  They
also found in his possession keys to the residence in which they recovered
nearly six kilograms of cocaine from a backpack inside a van parked in the
attached garage.  Also found in the
backpack were a checkbook with appellant’s name, a traffic ticket issued to
appellant in Alabama, and receipts bearing appellant’s name from motels in
several other states.  

Further, the occupant of the residence told police the van in
which the cocaine was found belonged to appellant.  Although appellant argues this testimony was
hearsay, he did not object at trial and thus failed to preserve error.  Therefore, the officer’s testimony may be
considered.  See Chambers v. State, 711 S.W.2d 240, 246 (Tex.
Crim. App. 1986) (holding inadmissible hearsay
introduced without objection possesses probative value and should be considered
in determining sufficiency of the evidence). 


We hold this evidence was sufficient to affirmatively link
appellant to the cocaine.  See Christopher v. State, 639 S.W.2d
932, 935 (Tex. Crim. App. 1982) (finding possession
of a key to a location where contraband is found reasonably implies control
over the contraband), overruled on other
grounds by Preston v. State, 700 S.W.2d 227 (Tex. Crim. App. 1985); Cooper
v. State, 852 S.W.2d 678, 681 (Tex. App.—Houston [14th Dist.] 1993, pet ref’d) (finding envelopes addressed to accused in apartment
linked accused to contraband found nearby); see
also Roberson v. State, 80 S.W.3d 730, 740 (Tex. App.—Houston [14th Dist.]
2002, no pet.) (finding as the amount of contraband increases, so too does the
link between the accused and the contraband). 
Thus, we find the evidence was legally sufficient.

As to factual sufficiency, appellant points to his specific
denials that he had anything to do with the van, backpack, or cocaine.  On cross-examination, the State showed that
his explanations for his extensive interstate travel were something less than
compelling.  The jury is entitled to
decide whether he was telling the truth. See
Rachal v. State, 917 S.W.2d 799, 805 (Tex.
Crim. App. 1996). 
Thus, we find the evidence was factually sufficient.

The Search

            In his final two points
of error, appellant argues the trial court erred in denying his motion to
suppress the cocaine seized from the van.  We give great deference to trial court’s
rulings on questions of historical fact or that turn on credibility and
demeanor; we review other questions de novo. 
State v. Scheineman, 77 S.W.3d 810, 812
(Tex. Crim. App. 2002).  Because
the search in this case occurred without a warrant, the State must demonstrate
a valid basis for the warrantless search.  See
Bishop v. State, 85 S.W.3d 819, 822 (Tex.
Crim. App. 2002).

            Appellant contends the
trial court erred because (1) the State failed to establish valid third-party
consent to search the van in which police found the backpack of cocaine (but
not the residence itself), and (2) the alert of a trained dog did not provide
probable cause because the evidence establishing the dog’s training and
certification in drug detection was deficient. 
Because the validity of the search can be resolved by examining only the
latter, we will not address the former.

            At trial, a police
officer testified he was admitted into the house by its occupant, and appellant
does not challenge this assertion.  Upon
entering the attached garage, a drug dog accompanying the officer alerted to a
parked van, justifying the search of the van which yielded nearly six kilograms
of cocaine.  See Josey v. State, 981
S.W.2d 831, 846 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d) (finding
a positive alert by a drug-sniffing dog is sufficient to establish probable
cause to search).  The dog’s
handler testified that both he and the dog had been trained and certified
through the National Narcotic Detector Dog Association.  There was no objection to this testimony, so
any error has been waived.  Having
established probable cause by the dog’s alert, consent to search the van was
unnecessary.  Therefore, we overrule
appellant’s final two points of error.            The
judgment is affirmed.

                                                                                                                                                                                                                        /s/        Scott Brister

                                                                        Chief
Justice

Judgment
rendered and Opinion filed February
 20, 2003.

Panel consists
of Chief Justice Brister and Justice Fowler and Senior Chief Justice Murphy.[1]

Do
Not Publish — Tex. R. App. P. 47.2(b).











[1] Senior
Chief Justice Paul C. Murphy participating by assignment.