COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





THE STATE OF TEXAS,


 Appellant,


v.


CANDICE KENDIKIAN,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-08-00182-CR



Appeal from


 346th District Court


of El Paso County, Texas


(TC # 20070D01656)




O P I N I O N



 The State of Texas appeals a suppression order trial granted in favor of Candice Kendikian. 
For the reasons that follow, we affirm.

FACTUAL BACKGROUND


 Kendikian stands charged by indictment with the murder of and injury to Malachi Torrance,
a child younger than fifteen years of age. Kendikian and her husband, Joshua Wensel, were both
suspects, but neither was under arrest. The couple went voluntarily to the El Paso Police Department
and each gave a separate statement which was videotaped. They were not told by the officers that
these individual statements were recorded. Wensel then asked to speak to his wife. The police
acquiesced and brought Kendikian to see him. The pair were not informed that their conversation
would be recorded, and no camera, microphone, or recording device was visible in the room. The
door was closed while the two talked, but there was no express representation that their conversation
would be private. The detectives knocked on the door before re-entering. Kendikian left the room
a number of times to try to call her mother. After their conversation, Kendikian and Wensel were
allowed to leave the station.

 The trial court entered a written order suppressing the recorded conversation between
Kendikian and Wensel. The trial court also entered findings of fact which are not contested on
appeal:

 1. That on the date in question, The Defendant and Co-Defendant, Joshua Wensel,
were brought by detectives of the El Paso Police Department to the Crimes against
Persons office. 


 2. That on that date, neither of the defendants was under arrest for any accusation. 


 3. That on that date, the Defendant, Candice Kendikian, and Co-Defendant, Joshua
Wensel were common-law wife and husband and that the detectives knew this fact.


 4. That on that date, Co-Defendant, Joshua Wensel asked to speak with Defendant,
Candice Kendikian and the detectives put both defendants in a room and shut the
door. 


 5. That at no time, did the detectives inform either Candice Kendikian or Joshua
Wensel that any conversation they had or would have would be recorded.


 6. That the room in which the defendants were placed did not have any obvious signs
of recording devices. 


 7. That the defendant was never advised that any statement or conversation she made
or had was being recorded.


 8. The detectives shut the door to the room and would knock before entering. 


The trial court also issued conclusions of law. The State disputes only Conclusions 1, 4, and 5. 


 1. The actions of the detectives of the El Paso Police Department tended to create
an atmosphere that a reasonable person could believe he or she had an expectation
of privacy. 


 2. The defendants were not under arrest at the time of the conversation. 


 3. The detectives knew that the defendants were husband and wife. 


 4. The defendants, through the actions of the detectives, reasonably believed that
they were having a private conversation. 


 5. That no warrant or exception has been shown to justify the breach of the
expectation of privacy provided to the defendants. 


MOTION TO SUPPRESS


 In its sole point of error, the State complains that the trial court abused its discretion in
suppressing the evidence of Kendikian's recorded conversation with her husband in a police
interview room.

Standard of Review


 We review the trial court's ruling on a motion to suppress evidence for an abuse of discretion.
 Long v. State, 823 S.W.2d 259, 277 (Tex.Crim.App. 1991), cert. denied, 505 U.S. 1224, 112 S.Ct.
3042, 120 L.Ed.2d 910 (1992). At a suppression hearing, the trial judge is the sole finder of fact and
is free to believe or disbelieve any or all of the evidence presented. Id. We give almost total
deference to the trial court's determination of historical facts that depend on credibility and
demeanor, but review de novo the trial court's application of the law to the facts if resolution of those
ultimate questions does not turn on the evaluation of credibility and demeanor. See Guzman v. State,
955 S.W.2d 85, 89 (Tex.Crim.App. 1997). If the issue of the propriety of the trial court's
suppression of the recorded conversation is a question of law which does not turn on credibility or
demeanor, we apply the de novo standard of review. State v. Scheineman, 77 S.W.3d 810, 812
(Tex.Crim.App. 2002).

Reasonable Expectation of Privacy


 The State maintains that there was no expectation of privacy in a police interview room, and
that even if Kendikian held that subjective belief, society is not prepared to recognize it as
reasonable. We disagree.

 The Fourth Amendment serves to safeguard an individual's privacy from unreasonable
governmental intrusions. Richardson v. State, 865 S.W.2d 944, 948 (Tex.Crim.App. 1993). A
defendant may challenge the admission of evidence obtained by governmental intrusion only if she
displays a legitimate expectation of privacy in the place invaded. Rakas v. Illinois, 439 U.S. 128,
143, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). In determining whether Kendikian had a reasonable
expectation of privacy, we must determine whether she exhibited a subjective expectation of privacy
and, if so, whether that subjective expectation is one that society is willing to recognize as
reasonable. Smith v. Maryland, 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). The latter
inquiry is a question of law. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). 

 We begin our analysis with Scheineman. There, the defendant and a co-defendant were
arrested and placed in separate interview rooms. 77 S.W.3d at 811. The co-defendant asked a
deputy if he could speak alone with the defendant. Id. The deputy agreed, moved the defendant into
the room occupied by the co-defendant, and left the two of them alone. Id. The men then discussed
their criminal conduct while the officers monitored and recorded their conversation. Id. The
defendant argued that the deputy's conduct had "lulled" him into believing that the conversation was
private and thereby gave him a legitimate expectation of privacy. Id. The court of criminal appeals
disagreed, observing that a loss of privacy is an inherent incident of confinement, whether in a jail
cell or a police station interview room. Id. at 813. Noting there was no evidence that the deputy had
given the co-defendants any verbal assurance of privacy, the court held that society is not prepared
to recognize a legitimate expectation of privacy in a conversation between two arrestees in a county
law enforcement building, even if the arrestees are the only persons present and subjectively believe
that they are unobserved. Id.

 Kendikian argues that the facts here are distinguishable. She and her husband were merely
suspects--not arrestees--and came to the station voluntarily. The detectives' conduct in arranging
the meeting, placing the two in a private room, closing the door, and knocking before entering
created an expectation of privacy. The video equipment was not visible, nor had the police revealed
that the individual statements had been recorded.

 While a loss of privacy is an inherent incident of confinement, Kendikian and her husband
were not confined; they were free to leave when they pleased. This is a critical distinction. We 
agree with the trial court's conclusion that the actions of the detectives created an atmosphere such
that a reasonable person could believe she had an expectation of privacy. Under these circumstances,
Kendikian had a reasonable expectation of privacy that society is indeed prepared to recognize. See
Smith v. Maryland, 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). We overrule the issue
for review and affirm the order of the trial court below.


August 28, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)