COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 STEPHEN VINEZ,
  
                            
 Appellant,
  
 v.
  
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
  
 No. 08-10-00195-CR
  
 Appeal from the
  
 437th
 District Court 
  
 of Bexar
 County, Texas
  
 (TC# 2007-CR-6925)
  
 
 


 

O
P I N I O N

            A Bexar County jury found appellant, Stephen
Vinez, guilty of manslaughter in the stabbing death of Edward Todd Lenamon.  See
Tex. Penal Code Ann. § 19.04
(West 2011).  The jury assessed Vinez’s punishment
at imprisonment for twenty years and a fine of $10,000.  He now brings four issues before this Court.[1]  Finding no reversible error, we overrule Vinez’s
issues and affirm the judgment of the trial court.

THE
FIRST ISSUE

            In his first issue, Vinez argues that
the trial court erred, at the guilt stage, in admitting in evidence an audio-visual
recording of him making telephone calls while at a San Antonio police station.  Vinez argues that the recording of the
telephone calls, and the trial court’s later admission of that recording in
evidence, violated his Fifth Amendment right to remain silent, his Sixth Amendment
right to counsel, and his rights to remain silent and to counsel under Texas
Constitution article I, § 10.

            With respect to this issue, the
record reflects the following.  On the
morning of April 19, 2007, San Antonio police transported Vinez from his
apartment to a police station for questioning. 
Upon arrival at the police station, the police placed Vinez in an interview
room and informed him that he was in custody and not free to leave.  They then Mirandized[2] him and
questioned him about the offense of which he was later convicted.  The questioning was recorded audio-visually,
although the police did not tell that to Vinez.[3]  After the police questioned him for some
time, he asked to use the police station telephone to call an attorney.  The police then ceased the questioning and
left the interview room, but they did not turn off the audio-visual recorder.  Vinez proceeded to make several telephone
calls to family and friends, none of whom was an attorney, seeking advice and assistance.  During the calls, Vinez made certain statements
that could be considered incriminating.

            A trial court’s ruling admitting or
excluding evidence is reviewed on appeal for abuse of discretion.  Ramos
v. State, 245 S.W.3d 410, 417-18 (Tex.Crim.App. 2008).  In other words, the trial court’s ruling will
be upheld if it is reasonably supported by the record and is correct under any
theory of law applicable to the case.  Id.

            We turn first to Vinez’s claim under
the Sixth Amendment.  The Sixth Amendment
to the United States Constitution provides that, “[i]n all criminal
prosecutions, the accused shall enjoy the right . . . to have the Assistance of
Counsel for his defence.”  This right to
counsel applies in all state criminal prosecutions in which the defendant is
accused of a felony.  Gideon v. Wainwright, 372 U.S. 335, 339,
342 (1963).  This right of the “accused” to
counsel, however, is limited by its terms: it does not attach until a
prosecution is commenced.  Rothgery v. Gillespie County, 554 U.S.
191, 198 (2008).  A prosecution commences
when adversary judicial proceedings begin, whether by way of formal charge,
preliminary hearing, indictment, information, or arraignment.  Id.

            Vinez made the telephone calls in
question while the police were still investigating the offense, i.e., at a
point before adversary judicial proceedings began.  Therefore, Vinez’s Sixth Amendment right to
counsel had not yet attached, and thus the audio-visual recording of the
telephone calls, and the trial court’s later admission of that recording in
evidence, did not violate Vinez’s Sixth Amendment right.

            We turn next to Vinez’s claims under
the Fifth Amendment and under Texas Constitution article I, § 10.  Our examination of Vinez’s appellate brief
reveals that he has provided no argument or authority with respect to these
constitutional provisions.  Therefore,
these claims are inadequately briefed and present nothing for our review.  Robinson
v. State, 851 S.W.2d 216, 222 n.4 (Tex.Crim.App. 1991); Tex. R. App. P. 38.1(i).

            In summary, we discern no abuse of
discretion on the part of the trial court in its admission of the audio-visual recording
in question.  We overrule Vinez’s first
issue.

THE
SECOND ISSUE

            In his second issue, Vinez argues
again that the trial court erred, at the guilt stage, in admitting in evidence
the audio-visual recording of him making telephone calls at the San Antonio
police station.  Vinez argues that the
recording was inadmissible because the police obtained it in violation of Texas
Penal Code section 16.02(b)(1).  See Tex.
Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (Texas exclusionary
rule).  Section 16.02(b)(1) provides that
a person commits an offense if he intentionally intercepts an oral
communication uttered by a person exhibiting an expectation that the
communication is not subject to interception under circumstances justifying
that expectation.

            As we noted previously, the record
reflects that Vinez made the telephone calls while in police custody and while in
an interview room at a police station. 
There was no evidence that the police told Vinez that he had privacy,
nor was there any evidence that the police even closed the door to the
interview room when they left following the interrogation.  In our view, these circumstances did not
justify an expectation that Vinez’s oral communications were not subject to police
interception.  See State v. Scheineman, 77 S.W.3d 810, 812-13 (Tex.Crim.App. 2002)
(arrestee, in custody in county law enforcement building and lacking any oral
assurance of privacy, had no reasonable expectation of privacy); Cortez v. State, 240 S.W.3d 372, 382-83
(Tex.App.--Austin 2007, no pet.) (juvenile arrestee, in custody in police
interview room and lacking any oral assurance of privacy, had no reasonable expectation
of privacy when making telephone call).

            In summary, we again discern no
abuse of discretion on the part of the trial court in its admission of the audio-visual
recording in question.  We overrule Vinez’s
second issue.

THE
THIRD ISSUE

            In his third issue, Vinez argues
that the trial court erred, at the guilt stage, in refusing to allow him to
call Lessman Hernandez to the stand.  According
to Vinez, Hernandez would have testified that he (i.e., Hernandez) and the
victim, Lenamon, had once been in a romantic relationship, that they lived
together for approximately a year, and that during that year Lenamon assaulted
him on several occasions.  Vinez argues
that Hernandez’s testimony was admissible because, among other things, “the
State opened the door [to this testimony] with their continuous assertions that
Mr. Vinez was the aggressor . . . .”[4]  Vinez argues that the trial court’s refusal
to allow him to call Hernandez violated his federal constitutional right to
present a defense, his state constitutional right to present a defense, his
right to offer evidence under Texas Rule of Evidence 107, his right to offer
evidence under Texas Rule of Evidence 404, and his common-law right to present
evidence to correct a false impression created by the opposing party.  Vinez does not cite the pages in the lengthy reporter’s
record where he made these arguments to the trial court or where the trial
court ruled on them.

            The right to appellate review is
limited by the requirement that our briefing rules be followed.  One such briefing rule is that an issue must
cite the pages in the record where the appellant made the arguments in question
and received rulings thereon.  Tex. R. App. P. 38.1(i).  “It is not our obligation to pore through the
voluminous record to verify that appellant preserved his . . . complaint[s] for
appellate review.”  Russeau v. State, 291 S.W.3d 426, 437 (Tex.Crim.App. 2009).  Another briefing rule is that an issue may
not be multifarious, i.e., it may not combine multiple, separable legal
theories, as to why the trial court supposedly erred, into a single issue.  Aldrich
v. State, 928 S.W.2d 558, 559 n.1 (Tex.Crim.App. 1996).  Vinez’s third issue violates both of these
briefing rules and, therefore, presents nothing for our review.  We overrule Vinez’s third issue.

THE
FOURTH ISSUE

            In his fourth issue, Vinez argues that
the trial court erred, at the punishment stage, in admitting in evidence hearsay
testimony from a police officer concerning uncharged misconduct on Vinez’s
part.  Vinez argues that such testimony
was inadmissible under Texas Rules of Evidence 404(b), which concerns the
admissibility of evidence of uncharged misconduct, and 802, which concerns the admissibility
of hearsay.

            With respect to this issue, the
record reflects the following.  At the
punishment stage, San Antonio Police Officer Justin Kalk testified that, at
approximately 9 p.m. on October 30, 2005, he was dispatched to the scene of a
domestic disturbance involving Vinez and Charles Houston.  When Kalk arrived at the scene, which was an
apartment, Houston told Kalk that Vinez “had threatened him with a knife to his
throat.”

            Turning first to Vinez’s argument
concerning Rule 404(b), we must reject it. 
Article 37.07, § 3(a)(1), of the Texas Code of Criminal Procedure
specifically provides that, notwithstanding Rule 404, the trial court may admit,
at the punishment stage, “evidence of an extraneous crime or bad act that is
shown beyond a reasonable doubt by evidence to have been committed by the
defendant . . . .”

            Turning next to Vinez’s argument
concerning Rule 802, we must reject it, too, because the record reflects that
Vinez made no such argument in the trial court. 
See Tex. R. App. P. 33.1(a). 
We overrule Vinez’s fourth issue.

CONCLUSION

            Having found no reversible error, we
affirm the judgment of the trial court.

                                                                        GUADALUPE
RIVERA, Justice

February 1, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)











[1]
 The record reflects that the Texas
Supreme Court transferred this case from the Fourth Court of Appeals to this
Court.  See Tex. Gov’t Code Ann.
§ 73.001 (West 2005).





[2]
 Under Miranda v. Arizona, 384 U.S. 436, 478-79 (1966), law enforcement
officials, before questioning suspects in custody, must inform them, in some
manner, that: (1) they have the right to remain silent; (2) their statements
may be used against them at trial; (3) they have the right to the presence of
an attorney during questioning; and (4) if they cannot afford an attorney, one
will be appointed for them.  See also Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (West 2005).

 





[3]
 The trial court heard evidence that
there were signs posted at the police station warning persons that interviews
were subject to being recorded, but there was no evidence that Vinez saw those
signs or that he could read them.





[4]
 Vinez testified at the guilt stage that
he accidentally stabbed Lenamon during a confrontation in which Lenamon lunged
at him.