COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| STEPHEN VINEZ, | § | |
| | | No. 08-10-00195-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 437th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Bexar County, Texas |
| | § | |
| Appellee. | | (TC# 2007-CR-6925) |
| | § | |

**O P I N I O N**

A Bexar County jury found appellant, Stephen Vinez, guilty of manslaughter in the stabbing death of Edward Todd Lenamon. *See* TEX. PENAL CODE ANN. § 19.04 (West 2011). The jury assessed Vinez's punishment at imprisonment for twenty years and a fine of $10,000. He now brings four issues before this Court.[1] Finding no reversible error, we overrule Vinez's issues and affirm the judgment of the trial court.

**THE FIRST ISSUE**

In his first issue, Vinez argues that the trial court erred, at the guilt stage, in admitting in evidence an audio-visual recording of him making telephone calls while at a San Antonio police station. Vinez argues that the recording of the telephone calls, and the trial court's later admission of that recording in evidence, violated his Fifth Amendment right to remain silent, his Sixth Amendment right to counsel, and his rights to remain silent and to counsel under Texas Constitution article I, § 10.

---

[1] The record reflects that the Texas Supreme Court transferred this case from the Fourth Court of Appeals to this Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

With respect to this issue, the record reflects the following. On the morning of April 19, 2007, San Antonio police transported Vinez from his apartment to a police station for questioning. Upon arrival at the police station, the police placed Vinez in an interview room and informed him that he was in custody and not free to leave. They then Mirandized[2] him and questioned him about the offense of which he was later convicted. The questioning was recorded audio-visually, although the police did not tell that to Vinez.[3] After the police questioned him for some time, he asked to use the police station telephone to call an attorney. The police then ceased the questioning and left the interview room, but they did not turn off the audio-visual recorder. Vinez proceeded to make several telephone calls to family and friends, none of whom was an attorney, seeking advice and assistance. During the calls, Vinez made certain statements that could be considered incriminating.

A trial court's ruling admitting or excluding evidence is reviewed on appeal for abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex.Crim.App. 2008). In other words, the trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id*.

We turn first to Vinez's claim under the Sixth Amendment. The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right to counsel applies in all state criminal prosecutions in which the defendant is accused of a felony. *Gideon v. Wainwright*,

---

[2] Under *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966), law enforcement officials, before questioning suspects in custody, must inform them, in some manner, that: (1) they have the right to remain silent; (2) their statements may be used against them at trial; (3) they have the right to the presence of an attorney during questioning; and (4) if they cannot afford an attorney, one will be appointed for them. *See also* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2 (West 2005).

[3] The trial court heard evidence that there were signs posted at the police station warning persons that interviews were subject to being recorded, but there was no evidence that Vinez saw those signs or that he could read them.

372 U.S. 335, 339, 342 (1963). This right of the "accused" to counsel, however, is limited by its terms: it does not attach until a prosecution is commenced. *Rothgery v. Gillespie County*, 554 U.S. 191, 198 (2008). A prosecution commences when adversary judicial proceedings begin, whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. *Id*.

Vinez made the telephone calls in question while the police were still investigating the offense, i.e., at a point before adversary judicial proceedings began. Therefore, Vinez's Sixth Amendment right to counsel had not yet attached, and thus the audio-visual recording of the telephone calls, and the trial court's later admission of that recording in evidence, did not violate Vinez's Sixth Amendment right.

We turn next to Vinez's claims under the Fifth Amendment and under Texas Constitution article I, § 10. Our examination of Vinez's appellate brief reveals that he has provided no argument or authority with respect to these constitutional provisions. Therefore, these claims are inadequately briefed and present nothing for our review. *Robinson v. State*, 851 S.W.2d 216, 222 n.4 (Tex.Crim.App. 1991); TEX. R. APP. P. 38.1(i).

In summary, we discern no abuse of discretion on the part of the trial court in its admission of the audio-visual recording in question. We overrule Vinez's first issue.

**THE SECOND ISSUE**

In his second issue, Vinez argues again that the trial court erred, at the guilt stage, in admitting in evidence the audio-visual recording of him making telephone calls at the San Antonio police station. Vinez argues that the recording was inadmissible because the police obtained it in violation of Texas Penal Code section 16.02(b)(1). *See* TEX. CODE CRIM. PROC. ANN. art.

3

38.23(a) (West 2005) (Texas exclusionary rule).  Section 16.02(b)(1) provides that a person commits an offense if he intentionally intercepts an oral communication uttered by a person exhibiting an expectation that the communication is not subject to interception under circumstances justifying that expectation.

As we noted previously, the record reflects that Vinez made the telephone calls while in police custody and while in an interview room at a police station.  There was no evidence that the police told Vinez that he had privacy, nor was there any evidence that the police even closed the door to the interview room when they left following the interrogation.  In our view, these circumstances did not justify an expectation that Vinez's oral communications were not subject to police interception.  *See State v. Scheineman*, 77 S.W.3d 810, 812-13 (Tex.Crim.App. 2002) (arrestee, in custody in county law enforcement building and lacking any oral assurance of privacy, had no reasonable expectation of privacy); *Cortez v. State*, 240 S.W.3d 372, 382-83 (Tex.App.--Austin 2007, no pet.) (juvenile arrestee, in custody in police interview room and lacking any oral assurance of privacy, had no reasonable expectation of privacy when making telephone call).

In summary, we again discern no abuse of discretion on the part of the trial court in its admission of the audio-visual recording in question.  We overrule Vinez's second issue.

### THE THIRD ISSUE

In his third issue, Vinez argues that the trial court erred, at the guilt stage, in refusing to allow him to call Lessman Hernandez to the stand.  According to Vinez, Hernandez would have testified that he (i.e., Hernandez) and the victim, Lenamon, had once been in a romantic relationship, that they lived together for approximately a year, and that during that year Lenamon

4

assaulted him on several occasions. Vinez argues that Hernandez's testimony was admissible because, among other things, "the State opened the door [to this testimony] with their continuous assertions that Mr. Vinez was the aggressor . . . ."[4] Vinez argues that the trial court's refusal to allow him to call Hernandez violated his federal constitutional right to present a defense, his state constitutional right to present a defense, his right to offer evidence under Texas Rule of Evidence 107, his right to offer evidence under Texas Rule of Evidence 404, and his common-law right to present evidence to correct a false impression created by the opposing party. Vinez does not cite the pages in the lengthy reporter's record where he made these arguments to the trial court or where the trial court ruled on them.

The right to appellate review is limited by the requirement that our briefing rules be followed. One such briefing rule is that an issue must cite the pages in the record where the appellant made the arguments in question and received rulings thereon. TEX. R. APP. P. 38.1(i). "It is not our obligation to pore through the voluminous record to verify that appellant preserved his . . . complaint[s] for appellate review." *Russeau v. State*, 291 S.W.3d 426, 437 (Tex.Crim.App. 2009). Another briefing rule is that an issue may not be multifarious, i.e., it may not combine multiple, separable legal theories, as to why the trial court supposedly erred, into a single issue. *Aldrich v. State*, 928 S.W.2d 558, 559 n.1 (Tex.Crim.App. 1996). Vinez's third issue violates both of these briefing rules and, therefore, presents nothing for our review. We overrule Vinez's third issue.

### THE FOURTH ISSUE

In his fourth issue, Vinez argues that the trial court erred, at the punishment stage, in

---

[4] Vinez testified at the guilt stage that he accidentally stabbed Lenamon during a confrontation in which Lenamon lunged at him.

admitting in evidence hearsay testimony from a police officer concerning uncharged misconduct on Vinez's part. Vinez argues that such testimony was inadmissible under Texas Rules of Evidence 404(b), which concerns the admissibility of evidence of uncharged misconduct, and 802, which concerns the admissibility of hearsay.

With respect to this issue, the record reflects the following. At the punishment stage, San Antonio Police Officer Justin Kalk testified that, at approximately 9 p.m. on October 30, 2005, he was dispatched to the scene of a domestic disturbance involving Vinez and Charles Houston. When Kalk arrived at the scene, which was an apartment, Houston told Kalk that Vinez "had threatened him with a knife to his throat."

Turning first to Vinez's argument concerning Rule 404(b), we must reject it. Article 37.07, § 3(a)(1), of the Texas Code of Criminal Procedure specifically provides that, notwithstanding Rule 404, the trial court may admit, at the punishment stage, "evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant . . . ."

Turning next to Vinez's argument concerning Rule 802, we must reject it, too, because the record reflects that Vinez made no such argument in the trial court. *See* TEX. R. APP. P. 33.1(a). We overrule Vinez's fourth issue.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.

GUADALUPE RIVERA, Justice

February 1, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

6