

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00436-CR

Juan **RUBIO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR3435
The Honorable Angus McGinty, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  April 2, 2014

AFFIRMED

Juan Rubio was convicted by a jury of aggravated robbery.  On appeal, Rubio contends the

trial court erred in: (1) admitting recordings of telephone conversations; (2) suggesting an

objection to an exhibit defense counsel sought to offer into evidence; and (3) reminding the

prosecutor that an exhibit had not been offered into evidence.  We affirm the trial court's judgment.

### RECORDED TELEPHONE CONVERSATIONS

In his first issue, Rubio contends the trial court erred in admitting into evidence recordings

of telephone conversations he had with two individuals.  Rubio made the telephone calls from the

interrogation room of the police station. In his brief, Rubio asserts, the trial court's "finding that [the] exhibit was non-custodial interrogation was error."

The Texas Code of Criminal Procedure imposes restrictions on the admissibility of an accused's recorded oral statements made as a result of custodial interrogation. TEX. CODE CRIM. PROC. ANN. art. 38.23, § 3 (West 2005). In order for a statement to be the result of custodial interrogation, the statement must be made in response to interrogation by law enforcement. *State v. Scheineman*, 77 S.W.3d 810, 813 (Tex. 2002). A statement made by a defendant to his co-defendant while they are alone in a room in a county law enforcement building is not a statement made in response to custodial interrogation. *Id.* Similarly, a statement made while the accused is alone making a telephone call from an interrogation room is not a statement made in response to custodial interrogation. *See Banargent v. State*, 228 S.W.2d 393, 402 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (holding statements made in telephone call by appellant from county jail were not the product of custodial interrogation). Accordingly, the trial court did not err in admitting the recordings.

## SUGGESTING OBJECTION/REMINDER TO OFFER EXHIBIT

In his second issue, Rubio contends the trial court erred in suggesting an objection for the prosecutor to make in response to defense counsel's offering of an exhibit into evidence. In his third issue, Rubio asserts the trial court erred in reminding the prosecutor to offer an exhibit into evidence after the prosecutor had elicited a witness's testimony about the exhibit. The State correctly notes that Rubio did not object to the trial court's questions during trial; therefore, error is not likely preserved. TEX. R. APP. P. 33.1; *but see Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (holding trial judge's comments may rise to level of fundamental error not requiring an objection if comments taint the defendant's presumption of innocence); *see also Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (noting *Blue* was a non-binding plurality opinion and

distinguishing *Blue* where trial judge's comments do not rise to "such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury"). Even assuming that error was preserved, however, we would overrule Rubio's contentions.

With regard to Rubio's second issue, the prosecutor requested permission to approach the bench after defense counsel offered a photograph into evidence. At that time, the only testimony about the photograph was by the clerk of the store Rubio was charged with robbing, and the clerk testified that the photograph was of a person who had previously been in the store. After the prosecutor and defense counsel approached the bench, the trial judge asked, "Relevance?" before any other statement was made by either the prosecutor or defense counsel. The prosecutor then agreed that one of his objections to the exhibit was relevance.

With regard to Rubio's third issue, the prosecutor questioned a witness about an exhibit. After the witness identified the exhibit and the prosecutor further questioned the witness about the exhibit, the prosecutor stated that he was passing the witness. The trial judge then asked, "Are you moving 2?" The prosecutor then moved to introduce the exhibit as State's Exhibit 2.

A trial judge has broad discretion in maintaining control of his courtroom and expediting a trial. *Jasper*, 61 S.W.3d at 421; *In re J.G.*, 195 S.W.3d 161, 178 (Tex. App.—San Antonio 2006, no pet.). In this case, the trial judge's questions appear to have been an effort by the judge to expedite the process, not to interject any unfairness into it. Although the trial judge sustained the relevancy objection, the trial judge explained to defense counsel what additional steps would be necessary for the evidence to become relevant and admissible.[1] *See Bogany v. State*, No. 01-07-00050-CR, 2008 WL 623590, at *4-5 (Tex. App.—Houston [1st Dist.] Feb. 21, 2008, pet. ref'd)

---

[1] The trial judge stated that he understood defense counsel was attempting to prove "an alternate perpetrator's theory," but the clerk's testimony that the photograph was of a person who previously had been in the store was not sufficient to support the theory without "a little more fleshing out."

(holding trial court's asking State if it had an objection as to relevance in response to a pending question and then sustaining relevancy objection made by State did not violate appellant's fundamental rights) (not designated for publication); *see also Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 239-40 (Tex. 2001) (holding trial court properly exercised broad discretion to maintain control and promote expedition in rejecting claim that trial court demonstrated bias by improperly encouraging counsel to object and adding further bases to counsel's objections).  In addition, the trial judge's second question came at the end of the prosecutor's detailed questioning of the witness about State's Exhibit 2, which was a duplicate copy of the photo line-up introduced as State's Exhibit 1 and was only being offered because the photographs in State's Exhibit 1 were darker and harder to see than the photographs in State's Exhibit 2 which were brighter and more visible.  Accordingly, the trial court's questions were within the broad discretion it had to expedite the trial, and, in any event, the record does not establish that Rubio was harmed by the trial court's questions.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH